```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


JOHN A. HOLIFIELD,                  :

     Plaintiff,                     :

vs.                                 :      CIVIL ACTION 07-00309-CG-B

THE CITY OF MOBILE MUNICIPAL        :
COURT OF MOBILE, ALABAMA,
et al.,                             :

     Defendants.                    :
```

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983 while he was an inmate at the Mobile County Metro Jail. (Doc. 1). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) as frivolous.

**I.  Second Amended Complaint. (Doc. 7).**

Upon a review of Plaintiff's original Complaint (Doc. 1), the Court ordered Plaintiff to file an amended Complaint because his original Complaint was not on the Court's form for actions alleging violations of 42 U.S.C. ¶ 1983. (Doc. 2). Plaintiff was advised that his amended Complaint would supersede his original Complaint; thus, he was not to refer to the original Complaint, but was to set

forth all of his allegations in his amended complaint. Notwithstanding the Court's instructions, Plaintiff filed an Amended Complaint that did not contain any substantive allegations, but merely referenced his original Complaint. (Doc. 3). As a result, the Court again directed Plaintiff to file another Complaint which contained all of his allegations. (Doc. 6) Plaintiff was expressly directed not to rely on his former pleadings as his second amended Complaint would supersede his prior pleadings.

Plaintiff's Second Amended Complaint is brief and names The City of Mobile Municipal Court and the Mobile County Metro Jail as Defendants.  (Doc. 4).  Due to the brevity of Plaintiff's allegations, they are set out below.

> Conspiracy Double Japdict, Intrapment . . .
> In the City of Mobile Municipal Court, Government Plaza:DV2005-1817, Concern No-2004-1817 Defendant did not receved this Information or till 7/3/07s . . . . Grant me my Civil Right, That my Right have been violate In The City Of Mobile Municipal Court-

(Doc. 7, at 5-7).  In response to questions contained on the "form complaint", Plaintiff indicates that he began serving his sentence on January 14, 1994 and that his sentence ended on November 16, 1996, even though he received a five-year sentence.  (Id. at 6).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing the Second Amended Complaint (Doc. 7) under 28 U.S.C.

2

§ 1915(e)(2)(B).[1]   Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007).  "Factual allegations must be

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

enough to raise a right to relief above the speculative level[.]" Id. at 1965.  That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 1966 (second brackets in original).  "[L]abels and conclusions and a formulaic recitation of a cause of action's elements" are insufficient grounds for entitlement to relief.  Id. at 1959.  However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

**III.  Discussion.**

Plaintiff lists as Defendants to this action the Mobile County Metro Jail and The City of Mobile Municipal Court.  Due to the entities that have been identified as Defendants, the undersigned recommends the dismissal of this action.  In order to bring a viable § 1983 claim, the defendant sued must be an entity that is subject to being sued.  Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of a party to be sued is "determined by the law of the state in which the district court is held. . . ." FED.R.CIV.P. 17(b); see Dean, 951 F.2d at 1214.

"Sheriff's departments and police departments are not usually considered legal entities subject to suit."  Id.  In Alabama, a sheriff's department does not have the capacity to be sued.  Id.; King v. Colbert County, 620 So.2d 623, 626 (Ala. 1993); White v.

Birchfield, 582 So.2d 1085, 1087 (Ala. 1991). Moreover, Alabama law provides that the sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his county and all prisoners committed thereto. . . ."  ALA. CODE § 14-6-1.  Generally, a sheriff's department operates a county jail. Because an Alabama sheriff's department lacks the capacity to be sued, then, it follows that the jail likewise lacks the capacity to be sued.  Russell v. Mobile County Sheriff, 2000 WL 1848470, at *2 (S.D. Ala. Nov. 20, 2000) (unpublished) (finding that the Mobile County Jail is not a suable entity); Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (finding that the jail is not an entity amenable to suit); House v. Cook County Dep't of Corrections, 1998 WL 89095, at *2 (N.D. Ill. Feb. 13, 1998) (unpublished) (same); May v. North County Detention Facility, 1993 WL 300290, at *2 (N.D. Cal. July 21, 1993) (unpublished) (same); see also Castillo v. Cook Co. Mail Room Dep't, 990 F.2d 304, 307 (7th Cir. 1993) (finding that, because the jail is not a suable entity, then it follows that its subdivision, the mail room, is not a suable entity).[2]

---

[2] Plaintiff should be familiar with the fact that the Mobile County Metro Jail is not a suable legal entity.  In Holifield v. Mobile County Sheriff's Dep't, et al., CA 07-2371 (S.D. Ala. May 29, 2008), Plaintiff sued the Mobile County Jail Medical Care Unit and the Mobile County Sheriff's Department.  In a Report and Recommendation adopted by the District Court, the Magistrate Judge discussed the Mobile County Metro Jail's lack of legal existence in connection with the Court's findings that neither the Mobile County Jail Medical Care Unit, nor the Mobile County

Similarly, the City of Mobile Municipal Court is not considered a "person" who can be sued under 42 U.S. C. § 1983. Chachere v. Houston Police Dep't, 2006 WL 3391443, at *5 (S.D. Tex. Nov. 21, 2006) (unpublished) ("To the extent that the plaintiff seeks relief from . . . the Harris County Municipal Courts, he fails to show that such courts are legal entities subject to suit."); Foster v. Walsh, 864 F.2d 416, 418 (6th Cir. 1988) (holding the court is not a "person" within the meaning of that term as used in § 1983); see Sawchyn v. Parma Municipal Court, 114 F.3d 1188, 1997 WL 321112, at *1 (6th Cir. June 11, 1997) (unpublished) (holding that the municipal court and city cannot be held liable on the basis of respondeat superior for the actions of their employees); Moity v. Louisiana Bar Ass'n, 414 F. Supp. 180, 182 (D.C. La.) (state courts are not considered persons within the meaning of § 1983), aff'd, 537 F.2d 1141 (5th Cir. 1976).

Accordingly, the named Defendants are not proper Defendants for this § 1983 action. Due to the their lack of legal existence, the Court finds that this action is frivolous.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process,

---

Sheriff's Department was a an entity subject to suit. (Doc. 12, at 9). Plaintiff's federal claims were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) as frivolous and his state law claims were dismissed without prejudice because the Court declined to exercise its supplemental jurisdiction. (Doc. 15).

pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) as frivolous.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **19th** day of **February, 2009.**


　　　　　　　　　　　　　　　　　　  **/s/SONJA F. BIVINS**
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

8

3.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this the **19th** day of **February, 2009**.

                                **/s/ Sonja F. Bivins**
                          **UNITED STATES MAGISTRATE JUDGE**